

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 13, 2005

The Honorable Suzanna Gratia Hupp
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0382

Re: Standards applicable to the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments in conducting examinations (RQ-0353-GA)

Dear Representative Hupp:

You request an opinion about Texas Occupations Code chapter 402, which establishes and governs the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments (the "committee").[1] *See* TEX. OCC. CODE ANN. § 402.051 (Vernon 2004). You specifically ask about the meaning of two provisions relating to examinations conducted by the committee.

The committee, consisting of nine members appointed by the governor with the advice and consent of the senate, is part of the Department of State Health Services. *See id.* § 402.051(a).[2] With the assistance of the department, the committee is required to "evaluate the qualifications of applicants" for licensing under chapter 402 and "examine applicants." *Id.* § 402.101(2)-(3). Section 402.104 provides that

> (a) The committee shall administer or arrange for the administration of a written examination.
>
> (b) The examination shall be administered at least twice each year.

---

[1]Letter from Honorable Suzanna Gratia Hupp, Chair, Committee on Human Services, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (June 20, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Section 402.051 of the Occupations Code states that the committee is part of the Texas Department of Health. However, on September 1, 2004, all powers, duties, functions, programs and activities of the Texas Department of Health were transferred to the Department of State Health Services. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 1.19, 2005 Tex. Gen. Laws 611, 636 (codified in part as Health and Safety Code ch. 1001, establishing the Department of State Health Services). *See also* Texas Department of State Health Services, Department of State Health Services Transition Plan (Aug. 2, 2004) at 26-27, *available at* http://www.dshs.state.tx.us (last visited Sept. 28, 2005).

> (c)  The examination must *be validated by an independent testing professional.*

*Id.* § 402.104 (emphasis added).

Section 402.204 provides that "[t]he examination must consist of written, oral, or practical tests that are objective in method and applied in a consistent manner." *Id.* § 402.204(a). "An examination shall be conducted in writing and by other means the committee determines adequate to ascertain the qualifications of applicants." *Id.* § 402.205(b).  A committee rule setting out examination procedures provides that "[t]he examination shall consist of a written section and a practical section." 22 TEX. ADMIN. CODE § 141.15(a), (c)(1) (2005).

Because the practical examination is administered by committee members, it may vary widely depending on the committee member conducting the practical examination.  Request Letter, *supra* note 1, at 2.  You ask whether the practical examination must be validated by an independent testing professional, and if not what standard applies. *See id.*  You write that the language of section 402.104 "appears to be limited to written examinations, since subsection 402.104(a) references only written examinations," while "[i]n contrast, section 402.204(a) by its terms applies to written and practical examinations." *Id.*

We consider whether section 402.104(c), which states that "[t]he examination must be validated by an independent testing professional," applies only to the written examination that section 402.104(a) requires the committee to provide or also to the "practical tests" authorized by section 402.204(a). TEX. OCC. CODE ANN. § 402.104(c) (Vernon 2004).  We construe the statute according to its plain language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (stating that a court construes a statute by looking to the plain meaning of the statute's language).  We also consider it as a whole rather than considering its provisions in isolation. *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).  Unless a contrary intention appears, words that are used repeatedly in a statute will bear the same meaning throughout. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).  Accordingly, we will consider the section 402.104(c) validation requirement in the context of chapter 402 as a whole.

Pursuant to section 402.202, "a person must pass an examination given by the committee" to engage in fitting and dispensing hearing instruments in Texas. TEX. OCC. CODE ANN. § 402.202(a) (Vernon 2004).  Section 402.204(a), quoted above, provides that "[t]he *examination* must consist of written, oral, or practical *tests* that are objective in method and applied in a consistent manner." *Id.* § 402.204(a) (emphasis added).  Section 402.205(b) provides that "[a]n *examination* shall be conducted *in writing and by other means* the committee determines adequate to ascertain the qualifications of applicants." *Id.* § 402.205(b) (emphasis added).  These provisions indicate that practical tests are a component of the examination or a means of examining applicants for licensure and are not themselves a separate examination.

Other provisions of chapter 402 indicate that an examination is a single event, even though it may include a practical as well as a written part.  "To engage in fitting and dispensing hearing

instruments in this state a person must pass an examination given by the committee," but "[a] person licensed under Chapter 401 as an audiologist or an audiology intern is exempt from the examination required under this chapter." *Id.* § 402.202(a)-(b). "The examination shall be administered at least twice each year." *Id.* § 402.104(b). "The committee shall give each applicant due notice of the date and place of the examination and the subjects, areas, and skills that will be included in the examination." *Id.* § 402.205(a). "On reexamination, an applicant who previously failed *an examination* may be examined only on *those portions of the examination* that the applicant failed." *Id.* § 402.205(c) (emphasis added). A person who "has never taken the examination administered under" chapter 402 may be issued a temporary training permit under section 402.251. *Id.* § 402.251(1). Moreover, as an alternative to fulfilling the continuing education requirement a license holder, on written request to the committee, "may take the state examination given by the committee." *Id.* § 402.304(a). *See id.* ("A license holder who pays the examination fee and passes the examination is exempt from the continuing education requirement for the year in which the test is taken."). Based on these provisions, we conclude that the committee gives an examination that must be conducted in writing and that may also include practical or oral tests.

Reading section 402.104 in the context of chapter 402 as a whole and noting how the term "examination" is used repeatedly elsewhere in the chapter, we conclude that the examination in its entirety, including any practical parts of the examination, must be validated by an independent testing professional pursuant to section 402.104(c).

You have suggested that only written examinations must be validated by an independent testing professional. *See* Request Letter, *supra* note 1, at 2. This reading, which is contrary to our reading of the statute, implies that section 402.104(c) is ambiguous. We may resolve any such ambiguity in chapter 402 by referring to its language prior to its nonsubstantive codification in 1999. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6, 1999 Tex. Gen. Laws 1431, 1788-89, 2439-40 (nonsubstantive revision of statutes on licensing and regulation of certain professions and business practices, including fitting and dispensing of hearing instruments). Unambiguous provisions of a purportedly nonsubstantive codification are current law even though inconsistent with the predecessor provisions. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286-87 (Tex. 1999). However, if a provision in a nonsubstantive codification is ambiguous, we may look at the predecessor law to determine its meaning. *See id.* at 286; Tex. Att'y Gen. Op. No. JC-0517 (2002) at 3-4. The predecessor of chapter 402 provided with respect to the examination:

> The examination must consist of written, oral, or practical tests that are objective in method and applied in a consistent manner. The examination shall be administered at least twice a year. The committee shall administer or arrange for the administration of a written examination. *All examinations shall be validated by an independent testing professional*. The examination must cover the following areas . . . .

Act of May 21, 1993, 73d Leg., R.S., ch. 441, § 8, 1993 Tex. Gen. Laws 1772, 1776 (formerly codified as TEX. REV. CIV. STAT. ANN. art. 4566-1.06(c)) (emphasis added), *repealed and reenacted by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6, 1999 Tex. Gen. Laws 1431, 1788-89,

2439-40 (adopting nonsubstantive revisions of statutes on licensing and regulation of certain professions and business practices, including fitting and dispensing of hearing instruments).

The predecessor of section 402.104(c) requires independent validation of the written, oral, and practical components of an examination. Given the ambiguity of section 402.104(c) as presently codified, we construe it consistently with its statutory predecessor. Accordingly, section 402.104(c) requires a licensing examination given by the committee to be validated by an independent testing professional in its entirety, including the practical as well as written components of the examination.

If the practical part of the examination were not required to be validated by an independent testing professional, you asked what standard would apply. In view of our conclusion, we do not need to address this question. We note, however, that section 402.204 requires the examination given by the committee to be objective in method and applied in a consistent manner. The Sunset Advisory Commission has moreover stated that

> Practical exams should be used with caution, since they can be subjective if not structured carefully. When they are used, practical exams should have written guidelines laying out acceptable methods of examination, clear criteria for performance, and clear definition of tasks to be performed. These elements promote consistency in judging performance as well as overall fairness of the exam procedure.

SUNSET OCCUPATIONAL LICENSING MODEL at 9-10 (2003), *available at* http://www.sunset.state .tx.us/licensemodel05.pdf (last visited Sept. 28, 2005).

## S U M M A R Y

A licensing examination given by the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments must be validated by an independent testing professional in its entirety, including the practical as well as written components of the examination.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee